11 U.S. 602
 7 Cranch 602
 3 L.Ed. 452
 WALLEN
v.
WILLIAMS.
 March 17, 1813
 
 1
 Absent LIVINGSTON, TODD, and STORY, J.
 
 
 2
 ERROR to the Circuit Court for the district of East Tennessee, in a suit in equity, in which Joseph Williams on the 15th of November, 1799, brought his hill of complaint against Elisha Wallen and John Williams, whereby he stated that the Defendants and others in the year 1779 entered into a co-partnership in the entering of lands in the land office for the sale of lands in that part of the state of North Carolina which now lies within the district of East Tennessee; and that each party was, on demand, to pay his proportion of the money due to the state upon the entries, to the party who should advance it: and that if any party so failed to pay his proportion, he should forfeit his share of the lands entered, and should cease to be a partner. That Joseph Williams, the Complainant, paid the whole of the money due to the state for the lands entered, and that John Williams, one of the Defendants, not having paid any thing, sold his share of the lands to the other Defendant, Wallen, who had notice that nothing had been paid by John Williams. Wallen obtained patents, upon this assignment of John Williams, for two tracts of 640 acres each, and one for 440. The latter tract of 440 acres he sold to a purchaser without notice; but he still held the other two tracts. That the Complainant had demanded from Wallen payment of John Williams's proportion of the money due to the state, which Wallen refused to pay. The Defendant in his answer relied in part on the statute of limitations.
 
 
 3
 The facts being proved to the satisfaction of the judge, he decreed that 'the said Elisha Wallen be divested of all the right, title, interest, property and claim which he had, or has, to the said two tracts of 640 acres, and each of them, and that all the right, title, interest, property and claim of, in and to said two tracts of land and each of them, and every part and parcel thereof, be vested in the said Complainant, Joseph Williams, his heirs and assigns forever, to have, hold, occupy, possess and enjoy the same and each and every part thereof, with their hereditaments and appurtenances against the said Elisha Wallen, his heirs and assigns forever.' And it was further decreed that the Defendant, Wallen, should pay to the Complainant the sum of $593 33 1-3, the value of the tract of 440 acres as found by the jury which had been impannelled to ascertain its value; and that for the purpose of compelling payment thereof the Complainant should have execution, which was accordingly issued and satisfied.
 
 
 4
 The Complainant afterwards obtained a writ of hab. facias, grounded upon the affidavit of the marshal that the Defendant refused to deliver possession to the Complainant according to the decree.
 
 
 5
 By virtue of this writ the Complainant was put into possession of the two tracts of 640 acres each; and the Defendant, Wallen, brought his writ of error.
 
 
 6
 JONES, for the Plaintiff in error,
 
 
 7
 Moved the Court to direct the Court below to quash the writ of hab. facias and to award a writ of restitution; upon the ground, as it is understood, that the Court below, as a Court of equity, could not award such a writ.
 
 
 8
 He cited 5 Com. Dig. Tit. Pleader. 3 B. 20, and 9 Vin. ab. 478. (8 vo. Ed.) Tit. Error, F. pl. 3.
 
 
 9
 There was no appearance for the Defendant in error.
 
 
 10
 The Court made the order agreeably to the motion.